# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2630

_____

FREDDIE HARRIS,

        Appellant,

v.

LINDA TAYLOR,

        Appellee.

Appeal from the United States
District Court for the
Eastern District of Missouri

_____

Submitted:  March 12, 2001
Filed:  May 15, 2001

_____

Before HANSEN and HEANEY, Circuit Judges, and TUNHEIM [1], District Judge.

_____

TUNHEIM, District Judge.

Appellant Freddie Harris ("Harris") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri after being convicted of a class B felony of sale of a controlled substance in Missouri state court.  The district court [2] denied his petition and certified the

---

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Donald J. Stohr, United States District Court for the Eastern District of Missouri.

following issue for appeal: whether the trial court erred in refusing to order the state to reveal the identity of a confidential informant. We affirm.

**BACKGROUND**

On August 25, 1993, James Weber, an undercover officer with the Southeast Missouri Drug Task Force, and his confidential informant went to the intersection of Luther and Osage Streets in Sikeston, Missouri, to purchase some crack cocaine. When they reached the intersection, a black male, later identified by the informant as Harris, motioned them to stop their car.

Once the car stopped, Harris approached the driver's side carrying a newspaper, leaned inside the car and engaged the parties in conversation. Officer Weber told Harris that he wanted to buy "two twenties," which means two twenty dollar rocks of cocaine. Harris then opened his newspaper and produced two "cream-colored rocks" which appeared to be crack cocaine. Officer Weber then paid Harris $40 in cash and Harris handed over the two rocks. Officer Weber placed the rocks in his right front pants pocket. Once Harris walked away from the car, Officer Weber and his informant left the area.

Officer Weber then returned to his office and conducted a field test on the rocks. The substance tested positive for cocaine. Officer Weber then packaged the cocaine, labeled the bag, and placed the bag in the highway patrol troop evidence locker. Three months later, a criminalist for the Missouri State Highway Patrol confirmed Officer Weber's field test. Harris was subsequently charged with sale of a controlled substance, in violation of Missouri statute § 195.211, a class B felony.

Prior to trial, Harris filed a motion to disclose the identity of the confidential informant who accompanied Officer Weber on the date in question. On May 26, 1994, the trial court held a hearing on Harris' motion. At the hearing, Harris argued that

disclosure of the informant's identity was necessary because, as an eyewitness of the alleged crime, the informant could be a defense witness who could clear Harris of the charges without Harris himself having to take the stand. In response, the trial court offered Harris the opportunity to access the informant by way of deposition. The record reveals that Harris declined the trial court's offer.

On June 1, 1995, Harris was convicted after a jury trial of a class B felony of a sale of a controlled substance and was sentenced to twelve years in prison. On May 15, 1996, Harris sought reversal of his conviction on direct appeal to the Missouri Court of Appeals, Southern District, which affirmed his conviction and sentence. On June 20, 1997, Harris filed a *pro se* habeas petition. Thereafter, counsel was appointed to represent Harris and on January 5, 1999, Harris filed this amended habeas petition.

In his amended petition, Harris raised two issues. First, Harris claimed that the state prosecutor's strike of the sole black venire person from the jury violated Batson v. Kentucky, 476 U.S. 79 (1986). Second, Harris claimed the trial court denied him due process of law and violated his constitutional rights guaranteed by the Sixth and Fourteenth Amendments in failing to order the prosecution to reveal the identity of a confidential informant.

Harris' petition was initially referred to United States Magistrate Judge Lewis M. Blanton who recommended that both of Harris' claims be denied. On May 22, 2000, following a de novo review of the record, the district court adopted the Report and Recommendation of the Magistrate Judge and denied Harris' petition for federal habeas relief. As to Harris' second ground for relief, however, the district court, "acknowledging that the question is a close one," issued a certificate of appealability as to that issue. Harris filed a timely Notice of Appeal on June 16, 2000. Thus, the sole issue before the Court is whether the trial court's refusal to order the state to disclose the identity of a confidential informant denied Harris his constitutional rights.

**ANALYSIS**

**A.    Standard of Review**

According to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant an application for writ of habeas corpus with respect to a claim adjudicated on the merits in state court only where adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Under the 'unreasonable application' clause," which is the focus in this case, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring).[1] Whether a state court's application of established federal law is unreasonable is judged under an objective standard. *Id.* at 409 (explaining that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was **objectively unreasonable**") (emphasis added).

**B.    The Confidential Informant Issue**

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court set forth the governing test for disclosure of confidential informants:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [to withhold disclosure of the informer's identity] must give way . . . . [However], no

---

[1] Justice O'Connor delivered the opinion of the Court as to Part II which focuses on the "contrary to" and "unreasonable application of" clauses of 28 U.S.C. § 2254(d)(1).

fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* 60-62. One of the most relevant factors is whether the evidence is material to the accused's defense. Devose v. Norris, 53 F.3d 201, 206 (8th Cir. 1995) (citing United States v. Barnes, 486 F.2d 776, 778 (8th Cir. 1973)). "Where the witness is an 'active participant' or witness to the offense charged, disclosure will almost always be material to the defense." Id. Thus, where materiality is shown, the court "'owes a duty to make every reasonable effort to have the informant made available to the defendant to interview or use as a witness, if desired.'" Id. (quoting Barnes, 486 F.2d at 779-80).

Harris relies on Devose v. Norris, 53 F.3d 201 (8th Cir. 1995), to support his argument that the trial court should have required the state to disclose the informant's identity. While Devose bears similar characteristics to the case at bar, particularly in the facts leading up to the arrest,[2] it does not control this case. In Devose, we found that the "tenuousness of the informant's testimony" presented at two evidentiary hearings, coupled with the informant's "active participation" in the alleged crime, the inconsistencies in the officer's testimony at trial and the questionable identification of

---

[2] In Devose, a police officer drove to a known narcotic area in Pine Bluff, Arkansas, along with his confidential informant. Id. at 205. The informant noticed the defendant walking in the vicinity and called him over to the car. Id. When the informant asked the defendant whether he had any cocaine rocks for sale, the defendant replied that he had one rock left and would sell it at $25. *Id.* The officer then purchased the cocaine rock from the defendant. Id.

defendant at the time of his arrest required disclosure of the informant's identity. *Id.* at 206-07. Specifically, we stated:

> As an eyewitness to the offense, the informant could have shed sorely needed light on the events that took place—specifically, who sold the cocaine to Officer Thomas. Had the informant's identity been disclosed, Devose could have interviewed the informant and either called him as a witness at trial or used the information obtained during the interview to impeach his credibility.

Id. at 206.

In this case, although the trial court refused to order the state to disclose the identity of the informant, it offered Harris the opportunity to depose the informant for purposes of determining whether he/she would identify him as the perpetrator of the alleged sale. Thus, unlike in <u>Devose</u>, the trial court did not completely deny Harris access to the confidential informant. The record further reveals that Harris failed to take advantage of the trial court's ruling. As the Magistrate Judge states in his Report and Recommendation:

> It appears that Petitioner and his counsel declined to conduct the deposition, perhaps because of fear that the confidential informant would affirmatively identify Petitioner as the perpetrator . . . . Petitioner and his attorney took a gamble by choosing not to depose the confidential informant. By that choice, he failed to fulfill his duty to fully develop the evidence in the trial court . . . . He cannot now change his mind and seek to overturn his conviction because of a choice he himself made.

Appellant's App. at 228-29. On this record, we find this case distinguishable from <u>Devose</u>.

Moreover, the trial court's decision was not an unreasonable application of federal law. In allowing some disclosure, the trial court appropriately balanced the public interest in protecting confidential informants against the individual's right to prepare his defense as contemplated by the Supreme Court's test in <u>Roviaro</u>.

**CONCLUSION**

For all these reasons, the judgment of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.